UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
J & J SPORTS PRODUCTIONS, INC.,  :
                                                Plaintiff,  :
                                         -against-  :
HOT SHOTZ SPORTS BAR INC., LUCILLE  :
BORGESE, and CHRISTOPHER RUSSO,
                                            Defendants.  :
---------------------------------------------------------------- x

**MEMORANDUM AND ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION**
17-CV-4170 (DLI) (VMS)

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brought this action against defendants Hot Shotz Sports Bar Inc. ("Hot Shotz"), Lucille Borgese ("Borgese"), and Christoper Russo ("Russo") (collectively, "Defendants") on July 13, 2017, pursuant to the Federal Communications Act of 1934 ("FCA"), as amended, 47 U.S.C. §§ 553, 605. Compl., Dkt. Entry No. 1. Defendants neither answered nor appeared in the case. The Clerk of Court entered default against Defendants on November 20, 2017. Clerk's Entry of Default, Dkt. Entry No. 10. On January 26, 2018, Plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See* Pl.'s Mot. for Default J. ("Mot."), Dkt. Entry No. 11; Pl.'s Mem. of Law in Support ("Mem. of Law"), Dkt. Entry No. 12.

On January 30, 2018, this Court referred the motion for default judgment to the Honorable Vera M. Scanlon, U.S. Magistrate Judge, for a Report and Recommendation ("R & R"). Magistrate Judge Scanlon issued her R & R on June 19, 2018, and issued an amended R & R on July 13, 2018. *See generally*, R & R, Dkt. Entry No. 14; Am. R & R, Dkt. Entry No. 15. The magistrate judge recommended that Plaintiff's motion be granted as to defendant Hot Shotz, but denied as to defendants Borgese and Russo, and that damages be awarded in the amount of

$6,505.00. Am. R & R at 22. Plaintiff timely objected only to the portion of the Amended R & R that recommended denying default judgment against Borgese and Russo. *See* Pl.'s Objs. to R & R ("Pl.'s Objs.") at 2, Dkt. Entry No. 16. In the alternative, Plaintiff requests leave to amend the Complaint if the Court overrules its objections.

For the reasons set forth below, Plaintiff's objections are overruled, the Amended R & R is adopted in its entirety, and leave to amend is denied.

### DISCUSSION[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). However, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first

---

[1] The Court assumes the parties' familiarity with the facts as set forth in the Amended R & R. *See* Am. R & R at 2-4.

instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Where a party does not object to a portion of the R & R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

**A.      Default Judgment Against Hot Shotz**

As noted above, Plaintiff does not object to the magistrate judge's recommendation that default judgment be granted against Hot Shotz. *See* Pl.'s Objs. at 2. Upon due consideration and review, and finding no clear error, that portion of the Amended R & R is adopted in its entirety.

**B.      Default Judgment Against Borgese and Russo**

Plaintiff objects to the magistrate judge's recommendation that default judgment be denied as to Borgese and Russo. *See* Pl.'s Objs. at 2. Plaintiff "recognizes that there is a split of authority in this district on the issue of whether allegations of [*sic*] similar to those herein support a finding of individual liability," but, nonetheless, objects to the magistrate judge's conclusion that individual liability has not been established. *Id.* Plaintiff argues that this Court should conduct a *de novo* review, and, in doing so, should adopt the position of those courts that have found allegations similar to the ones in the instant action sufficient to establish individual liability. For the reasons set forth below, Plaintiff's objections are overruled and that portion of the Amended R & R is adopted in its entirety.

As an initial matter, the Court disagrees with Plaintiff's contention that the Court must conduct a *de novo* review of Plaintiff's motion with respect to the portions of the Amended R & R

3

to which Plaintiff objects. *See* Pl.'s Objs. at 2-3. Plaintiff could have presented its arguments about individual liability in its original motion, but did not. *See generally,* Mem. of Law. Nowhere in its Memorandum of Law does Plaintiff discuss individual liability. *Id.* Indeed, the Memorandum of Law scarcely mentions liability at all. *See Id.* at 3-6. It is telling that many of the references to the Defendants in the Memorandum of Law refer to "Defendant," singular, or to Hot Shotz. *See generally, Id.* Borgese and Russo are mentioned only twice, both times on the first page of the Memorandum of Law. "Courts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago*, 2016 WL 5395837, at *1 (internal quotation marks omitted). However, even under the stricter *de novo* review, Defendants' arguments fail.

Plaintiff's Complaint states that Borgese and Russo are each "an officer, director, shareholder and/or principal" of Hot Shotz. Compl. ¶ 16. In a cursory fashion, Plaintiff adds that Borgese and Russo had the "right and ability to supervise the infringing activities," and that they "had an obvious and direct financial interest in the exploitation of the copyrighted materials" that are the subject of this action. *Id.* However, as the Amended R & R correctly explains, "a 'formulaic recitation of the elements of a cause of action' is insufficient to establish a prima facie case," because "a complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Am. R & R at 12, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff provides no facts in support of its assertions about Borgese and Russo. It identifies no specific actions taken by either defendant, and it provides no evidence of a profit from the broadcast of the copyrighted materials. *See generally*, Compl.; Am. R & R at 12-13.

Moreover, in its attempt to salvage its case for individual liability, Plaintiff misstates a significant fact in its Objections, arguing that the "large number of patrons" at Hot Shotz on the night at issue lends itself to an inference of financial gain, and stating that the number of patrons was 65. Pl.'s Objs. at 6. The Affidavit of Plaintiff's investigator, Stephanie Osgood, reveals that this number is wrong. There were between 15 and 17 patrons at Hot Shotz on the night of the broadcast; 65 patrons is Hot Shotz's overall capacity. *See* Aff. of Stephanie Osgood at 2, Dkt. Entry No. 13-2. In the Amended R & R, the magistrate judge expressed concern about Plaintiff's "cut and paste approach" in the lawsuits it brings, and this Court joins in that concern. Am. R & R at 11. This error is evidence of such sloppiness.

Because Plaintiff has failed to provide any factual matter in support of its assertions that Borgese and Russo are individually liable, Plaintiff's objections are overruled.

**C.      Leave to Amend**

Plaintiff, in its Objections, informally requests leave to amend the Complaint in the event that the Court denies default judgment as to Borgese and Russo. *See* Pl.'s Objs. at 2.

As an initial matter, Plaintiff's request is defective procedurally, as Plaintiff has failed to make a proper motion to amend the Complaint. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."). Moreover, a plaintiff need not be given leave to amend a pleading if Plaintiff fails to specify to the district court how amendment would cure the pleading deficiencies in its complaint. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Indeed, when a plaintiff seeks leave to amend, it must submit a complete copy of the proposed amended complaint. *See Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003) ("Without a proposed

5

pleading, the district court could not determine whether [the plaintiff's] claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous.") (internal citation omitted); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (failing to submit a proposed amended pleading "indicates lack of diligence and good faith") (internal citation omitted); *Akran v. United States*, 997 F. Supp.2d 197, 207 (E.D.N.Y. 2014) ("It is well-settled that when seeking leave to amend, the movant must submit a complete copy of the proposed amended complaint so that both the Court and the opposing party can understand the exact changes sought.").

In addition, "the district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (internal citations and quotation marks omitted). Leave to amend may be denied when there is "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility . . . ." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

In the instant case, Plaintiff has not submitted a proposed amended complaint, nor has it otherwise described the amendment it proposes. The Court also finds, for the reasons stated below, that Plaintiff is acting in bad faith, and that granting leave to amend would prejudice the opposing party.

First, by requesting leave to amend only after the magistrate judge issued her Amended R & R, Plaintiff seeks two bites at the apple. As U.S. District Judge Kiyo A. Matsumoto of this District cogently explained in a similar context, "had this court decided the pending default judgment motion rather than referring it to a magistrate judge pursuant to 28 U.S.C. § 636(b), plaintiff would have had only one full and fair opportunity to litigate [its] claims." *Poparic v. Jugo*

*Shop*, 2010 WL 1260598, at *3 (E.D.N.Y. Mar. 31, 2010). Instead, were the Court to grant Plaintiff leave to amend now, Plaintiff "would have the opportunity to adapt [its] pleadings to the court's analysis, and try again." *Id.* (internal quotation marks omitted).

Second, "to allow a plaintiff to [amend the complaint] *after* a defendant has defaulted would be fundamentally unfair: The plaintiff, knowing [it] is unlikely to face opposition, could pile on claims that [it] might not choose to bring were they subject to challenge." *Finkel v. Act Sec. & Elec., Inc.*, No. 11-cv-2813 (NGG)(VVP), 2011 WL 6131344, at *2 (E.D.N.Y. Dec. 8, 2011). Plaintiff did not move to amend properly, the timing of Plaintiff's request indicates bad faith, and permitting Plaintiff to amend now would prejudice Defendants. Accordingly, leave to amend is denied.

**D.    Damages**

The Amended R & R recommends damages in the amount of $6,505.00. This amount differs from the amount Plaintiff sought initially, but Plaintiff does not object to the recommendation. Upon due consideration and review, and finding no clear error, that portion of the Amended R & R is adopted in its entirety.

## **CONCLUSION**

Upon due consideration and review, for the reasons discussed above, Plaintiff's objections to the Amended R & R are overruled and the recommendations contained in the Amended R & R are adopted in their entirety. Accordingly, Plaintiff's motion for default judgment is granted as to Hot Shotz and denied as to Borgese and Russo, and Plaintiff is awarded $6,505.00 in damages. The damages consist of: (1) $2,000.00 in statutory damages; (2) $4,000.00 in enhanced damages; and (3) $505.00 in litigation costs. It is hereby ordered that default judgment be entered against Hot Shotz, and the claims against Borgese and Russo be dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2018

/s/
DORA L. IRIZARRY
Chief Judge